GODDARD LLP
BRADLEY A. PATTERSON, Esq. (State Bar No. 155482)
    18500 Von Karman Ave., Ste. 400
    Irvine CA  92612
    Telephone:    (949) 253-0500
    Facsimile:    (949) 253-0505

Attorney for Plaintiffs

KEVIN V. RYAN (CSBN 118321)
United States Attorney
JAY R. WEILL (CSBN 75434)
Assistant United States Attorney
Chief, Tax Division
    10th Floor Federal Building
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone:    (415) 436-7017
    Facsimile:    (415) 436-6748

ROBERT J. HIGGINS (D.C. Bar No. 242966)
Trial Attorney, U.S. Department of Justice
IVAN C. DALE (MS Bar No. 53974)
Trial Attorney, U.S. Department of Justice
BART D. JEFFRESS (CT Juris No. 419184)
Trial Attorney, U.S. Department of Justice
    555 4th St., N.W.
    Room 8816
    Washington, D.C. 20001
    Telephone:    (202) 307-6580
    Facsimile:    (202) 514-9440
    Email: robert.j.higgins@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| AWS MANAGEMENT, LLC, by and through MARY CHANDLER PETTY, a Partner Other than the Tax Matters Partner, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, by and through its Agent, the INTERNAL REVENUE SERVICE, <br><br> Defendant. | Case No.  05-1056 CW <br><br> Consolidated with Case No.  05-1058 CW <br><br><br> ORDER GRANTING AS MODIFIED STIPULATION FOR STAY OF PROCEEDINGS |

-1-

1  AWS ACQUISITIONS, LLC, by and                )
   through MARY CHANDLER PETTY, a              )
2  Partner Other than the Tax Matters          )
   Partner,                                                 )
3                                                              )
                          Plaintiff,                        )
4         v.                                                 )
                                                              )
5  UNITED STATES OF AMERICA, by and       )
   through its Agent, the INTERNAL             )
6  REVENUE SERVICE,                             )
                                                              )
7                          Defendant.                     )
   _____ )
8

9         Pursuant to Civil L. R. 7-1(5) and 7-12, the parties hereby stipulate and agree

10 that all proceedings in the above-captioned consolidated action shall be stayed pending

11 completion of all matters in a related criminal prosecution, United States v. Stein, et. al.

12 (No. S1 05 Cr 888, S.D.N.Y.).

13

14                          **REASONS FOR STIPULATION**

15        1.  Relevant Facts

16        Plaintiffs filed the present actions on March 14, 2005, seeking redetermination of

17 adjustments that the Internal Revenue Service made to the partnership income tax

18 returns that AWS Acquisitions, LLC (Acquisitions) and AWS Management, LLC

19 (Management) filed for the taxable year ended December 31, 2000.[1]  Acquisitions and

20 Management ask the Court to overturn the IRS's determinations set forth in Notices of

21 Final Partnership Administrative Adjustment (FPAA).[2]  In the FPAAs the IRS

22 determined, *inter alia,* that Acquisitions and Management and their transactions lacked

23 economic substance, had no bona fide business purpose, and were shams.[3]

24 / / /

25 _____

26 1/ See *Compls.*

27 2/ See *Compls. Exs. A.*

28 3/ See *Compls. Exs. A (Explanation of Adjustments).*

1    This proceeding is related to a criminal proceeding brought by the Office of the

2    United States Attorney for the Southern District of New York – <u>United States v. Stein, et.</u>

3    <u>al.</u> (No. S1 05 Cr 888, S.D.N.Y.).   Although the particular transaction at issue in this

4    case is not described in the criminal indictment, an alleged promoter of this transaction

5    was David Greenberg, a former KPMG partner who was indicted on October 17, 2005,

6    and who is presently a criminal defendant in the <u>Stein</u> case.  The trial in <u>Stein</u> is

7    currently set to begin on September 11, 2006.  The <u>Stein</u> case is the largest criminal tax

8    case ever filed by the United States and involves criminal charges against accountants

9    and lawyers, including former leadership of KPMG, one of the largest accounting firms

10   in the world.  On August 29, 2005, KPMG admitted and accepted responsibility for

11   violations of law with respect to its involvement in developing, promoting, selling, and

12   implementing illegal tax shelters during the period from 1996 through 2002 and has

13   agreed to pay $456,000,000 to the United States as a punitive fine, restitution, and

14   penalties to the IRS stemming from its involvement with the illegal tax shelters.[4]

15   Greenberg would be an important witness in this case.  He has remained in

16   custody since his arrest in October 2005 following his indictment.  On March 8, 2006,

17   his renewed motion for bail was granted.  It requires a personal recognizance bond of

18   $25 million, secured by, *inter alia*, $20 million of real estate equity.  <u>United States v.</u>

19   <u>Stein, et. al.</u> (Order of March 8, 2006, No. S1 05 Cr 888, S.D.N.Y.)  At the time of the

20   filing of this stipulation, Greenberg nevertheless remains in custody.

21   Another likely witness in this proceeding is William Goddard, the name partner of

22   plaintiffs' counsel.  Goddard was involved with plaintiffs and Greenberg with respect to

23   this transaction.  It is believed by counsel for the Government that the "Orange County

24   Law Firm" referenced in paragraph 58 of the superseding indictment in <u>Stein</u> refers to

25   Goddard's previous law firm,  Lee, Goddard & Duffy.

26   / / /

27

28   [4]/ <u>See</u> *KPMG Deferred Prosecution Agreement (Ex. 1); KPMG Information (Ex.*
     *2); KPMG Statement of Facts (Ex. 3.).*

Stipulation for
                                                                     Stay of Proceedings

1
2.  Legal Authority for Staying Proceedings

2
It is well-settled that a court has authority to stay civil proceedings,[5] and that a

3
proper circumstance in which to exercise such authority is when a civil action threatens

4
to interfere with a related criminal case.[6]  When deciding whether to stay a civil

5
proceeding pending the outcome of a related criminal case, the United States Court of

6
Appeals for the Ninth Circuit directs a case by case inquiry that includes consideration

7
of the following factors: (1) the extent to which defendant's Fifth Amendment rights are

8
implicated; (2) the plaintiff's interest in proceeding expeditiously and the potential

9
prejudice associated with a delay; (3) the burdens that proceeding will impose upon

10
defendant; (4) the convenience of the court in managing its docket and efficient use of

11
resources; (5) the interest of persons not parties to the civil litigation; and (6) the

12
interests of the public in the pending civil and criminal litigation.[7]

13
In this case, at least four factors weigh in favor of a stay, the interests of the

14
public, the Government, and non-party witnesses, and efficient use of Court resources.

15
No factor weighs against a stay, as plaintiffs join the Government in this stipulation.

16
The interest of the public in a stay is strong.  The <u>Stein</u> prosecution is the largest

17
criminal tax fraud case ever prosecuted and it is alleged that the fraud generated over

18
$11 billion in fraudulent phony tax losses.  The taxpaying public has an interest in

19
seeing these criminal charges litigated free from any interference, including from a civil

20
case.

21
The Government has a significant interest in a stay.  Where a civil and criminal

22
proceeding overlap in subject matter, there is a concern that the broad scope of civil

23

24
5/ <u>See</u> <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254 (1936).

25
6/ <u>See</u> <u>United States v. Kordel</u>, 397 U.S. 1, 12 n.27 (1970)(citing cases); <u>Keating</u>

26
<u>v. OTS</u>, 45 F.3d 322, 325 (9th Cir. 1995); <u>Afro-Lecon v. United States</u>, 820 F.2d

27
1198, 1202-04  (Fed. Cir. 1987); <u>Campbell v. Eastland</u>, 307 F.2d 478, 487 (5th
Cir. 1962).

28
7/  <u>See</u> <u>Keating</u>, 45 F.3d at 324-25 (<u>citing</u> <u>Federal Sav. & Loan Ins. Corp. v.</u>
<u>Molinaro</u>, 899 F.2d 899, 903 (9th Cir. 1989)).

Stipulation for
Stay of Proceedings

1  discovery may be used as an end run around the stricter rules of criminal procedure to

2  permit an otherwise impermissible preview of the Government's criminal case.[8]

3  Although Greenberg is not likely to participate in this civil action pending the resolution

4  of the criminal proceedings on Fifth Amendment grounds, the Government would be

5  concerned that if Greenberg decided to participate in this case, his purpose would be to

6  preview the Government's criminal case.  The Government contends that similar

7  concerns also exist with respect to William Goddard.  Though not indicted, the related

8  criminal investigation continues and any criminal case the Government might decide to

9  bring could be placed at risk if these civil actions proceed.

10       If these civil proceedings continue, the Government will not be able to take the

11  discovery required to mount an effective and vigorous defense of the present action

12  until the criminal proceeding is completed.  This is because Greenberg will likely rely on

13  his Fifth Amendment rights to refuse to answer any questions in civil discovery.  The

14  Stein grand jury indicted Greenberg for, among other things, his alleged role in devising,

15  marketing, and implementing allegedly illegal tax shelters.  While the shelter under

16  review in this case is not specifically mentioned in the Stein superceding indictment,

17  Greenberg is believed by the United States to be the author and promoter of the tax

18  shelter at issue here and Greenberg is on trial in Stein for his involvement with tax

19  shelters that KPMG has admitted were illegal.  It is likely, therefore, that Greenberg will

20  desire to invoke his Fifth Amendment privilege against self-incrimination.  In addition,

21  Rule 6(e) of the Federal Rules of Criminal Procedure prevents Government counsel in

22  this matter from reviewing the evidence obtained and considered by the Stein grand

23  jury.  Thus, the United States would not have an opportunity to develop its evidence

24  through discovery of this key witness.  Similarly, Goddard, who had involvement in the

25  transactions at issue here, and whose old law firm the Government believes is

26  mentioned in the superceding indictment, may invoke his Fifth Amendment rights to

27  thwart the Government's civil discovery efforts out of fear of indictment by the continuing

28

8/  See Campbell, 307 F.2d at 487-90.

Stipulation for
Stay of Proceedings

1  grand jury investigation.  In sum, the Government would be deprived of meaningful

2  access to the most critical fact witnesses and thereby undermined in its ability to

3  present a defense.

4          The interests of non-party witnesses Greenberg and Goddard favor a stay.

5  Where a civil and criminal proceeding overlap in subject matter, there is a concern that

6  the broader scope of civil discovery may be used by the Government to advantage a

7  criminal prosecution, including by undermining a criminal defendant's Fifth Amendment

8  privileges or exposing the grounds of a criminal defendant's defense to the prosecution

9  in advance of trial.[9]  As discussed in the preceding paragraph, it is likely that Greenberg

10  will desire to invoke his Fifth Amendment privilege against self-incrimination.  Civil

11  discovery should not impinge upon the Fifth Amendment rights of this key witness or

12  force him prematurely to disclose any part of the defense he intends to raise at the Stein

13  trial.  Moreover, attempts to force such discovery will likely impose additional burdens

14  on Greenberg, such as increasing the stress already attendant to facing criminal

15  prosecution.  Similarly, civil discovery should not do likewise to Goddard, should he

16  desire to invoke his Fifth Amendment privileges for fear of disclosing matters that would

17  be of interest to the continuing grand jury investigation.

18          A stay will also serve the interests of judicial economy.  Given the related nature

19  of the criminal case and this case, the resolution of the criminal case may narrow the

20  issues in this case and streamline discovery with respect to Greenberg.  For example,

21  waiting until the criminal case and ongoing investigation are resolved would enable the

22  United States' counsel here to obtain access to information developed by the grand jury,

23  either by showing a particularized need sufficient to obtain an order of disclosure under

24  Fed. R. Crim. P. 6(e), or by obtaining access to information which may be made public

25  after the prosecution of the criminal case is complete.  In addition, if Greenberg is

26  convicted, the conviction may lead to a more efficient resolution of the present case.

27  / / /

28

---

9/  See Afro-Lecon, 820 F.2d at 1202-04.

1       Finally, plaintiffs here agree to a stay.  Thus, no weight is to be given to plaintiffs'

2  interest in proceeding expeditiously and any prejudice associated with delay.

3       THEREFORE, it is stipulated and agreed by the undersigned that all proceedings

4  in these actions be STAYED pending the resolution of the criminal proceedings in

5  <u>United States v. Stein, et. al.</u> (No. S1 05 Cr 888, S.D.N.Y.).

6

7      <u>FOR THE PLAINTIFFS</u>

8                        GODDARD LLP

9                          Bradley A. Patterson, Esq.

10  Date: March 27, 2006         By  /s/ Bradley A. Patterson

11                          Bradley A. Patterson
                            Attorney for Plaintiffs

12      <u>FOR THE UNITED STATES</u>

13                        UNITED STATES ATTORNEY

14                        Kevin V. Ryan, Esq.
                        Jay R. Weill, Esq.

15                        Robert J. Higgins, Esq.
                        Ivan C. Dale, Esq.

16                        Bart D. Jeffress, Esq.

17

18  Date: March 27, 2006         By  /s/ Robert J. Higgins
                          Robert J. Higgins

19                          Attorneys for Defendant

20

21        PURSUANT TO STIPULATION, IT IS SO ORDERED; **HOWEVER, THE**

22  **MOTION CUT-OFF, PRETRIAL AND TRIAL DATES WILL REMAIN ON CALENDAR**
**UNTIL SUCH TIME AS IT IS CLEAR THEY CANNOT BE MAINTAINED**.

23

24  Date: _____          _____
       3/29/06

25                        CLAUDIA WILKEN
                        United States District Judge

26

27

28

              Stipulation for
                                          Stay of Proceedings